UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
OCT 0 6 2009
BY JEFFREY A. APPERSON, CLERK
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

INDICTMENT

NO. 3:09cr-148-S

18 U.S.C. § 371
18 U.S.C. § 982
18 U.S.C. § 1028
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1028A(c)(5)
18 U.S.C. § 1349
21 U.S.C. § 853

**REGINALD GREEN**
**JOANNA CATHERINE STIVERS**
**KEESHA ANNETTE HARRISON**
**CECILIA JOELENE HATCHETT**
**RHONDA LYNN WILLIS**

The Grand Jury charges:

## COUNT 1
(Conspiracy to Commit Bank Fraud)

1. Beginning in or about May 2006, and continuing until in or about March 2007, in the Western District of Kentucky, Jefferson County, and elsewhere, the defendants, **REGINALD GREEN, CECILIA JOELENE HATCHETT, JOANNA CATHERINE STIVERS, KEESHA ANNETTE HARRISON,** and **RHONDA LYNN WILLIS**, conspired with each other and others known and unknown to the Grand Jury, to commit Bank Fraud, in violation of Title 18, United States Code, Sections 1344.

## *Object of the Conspiracy*

2. The object, means, and manner of the conspiracy were to knowingly execute a scheme to defraud federally-insured financial institutions and to obtain monies, funds, and assets owned by and under the control of those federally-insured financial institutions by means of false and fraudulent pretenses, representations, and promises by stealing checks drawn on federally-insured financial institutions and containing commercial routing and checking account numbers, and making or having made counterfeit payroll checks, which reflected the stolen routing and checking account numbers and which checks were uttered in exchange for U.S. currency.

## *Means and Manner of the Conspiracy*

3. In furtherance of the conspiracy, and to accomplish the objectives of the conspiracy, the conspirators committed the following acts, among others:

### *Introduction:*

4. **REGINALD GREEN** provided **CECILIA JOELENE HATCHETT, JOANNA CATHERINE STIVERS,** and **RHONDA LYNN WILLIS** (hereafter, "the co-conspirators") with counterfeit payroll checks, which checks reflected actual routing and account numbers issued by federally-insured financial institutions.

5. At times during the conspiracy, **REGINALD GREEN** provided the co-conspirators with supporting identification documents, to match the payee names reflected on the counterfeit payroll checks. At other times, the counterfeit payroll checks were made payable to the co-conspirators in their own names, so that a co-conspirator could use her own identification document when uttering a particular counterfeit check.

2

6. The co-conspirators went to federally-insured financial institutions and chose times when the tellers were busy in an attempt to avoid detection.

7. The co-conspirators uttered and attempted to utter the counterfeit payroll checks at federally-insured financial institutions in Louisville, Kentucky; Bowling Green, Kentucky; New Albany, Indiana; Ohio; Tennessee; and New Jersey.

8. After a check was uttered, a co-conspirator would return the proceeds to **REGINALD GREEN,** who would pay the co-conspirator a portion of the U.S. currency received.

### *Involvement of REGINALD GREEN*:

9. **REGINALD GREEN** served as the leader and organizer of the conspiracy.

10. **REGINALD GREEN** obtained stolen commercial checks, issued by federally-insured financial institutions.

11. After he received stolen checks, **REGINALD GREEN** made or had someone else make counterfeit checks, reflecting the account and routing numbers from the stolen checks.

12. **REGINALD GREEN** arranged for other individuals, called "runners," to utter counterfeit checks, in return for monetary payment. These runners included **JOANNA CATHERINE STIVERS, CECILIA JOELENE HATCHETT,** and **RHONDA WILLIS,** among others.

13. At times, **REGINALD GREEN** provided the "runners" with supporting identification documents if the payee names on the counterfeit checks to be uttered by the runners were names different than the runners' own names.

14. In return for their actions in uttering the checks, **REGINALD GREEN** paid the "runners" a portion of the proceeds received. This share was usually less than the share received by **REGINALD GREEN**.

### *Involvement of JOANNA CATHERINE STIVERS:*

15. In or about May of 2006, **REGINALD GREEN** approached **JOANNA CATHERINE STIVERS** and recruited her to utter counterfeit checks for him.

16. In June of 2006, **REGINALD GREEN, JOANNA CATHERINE STIVERS**, and **CECILIA JOELENE HATCHETT** traveled from Louisville, Kentucky to New Jersey to utter counterfeit checks. **JOANNA CATHERINE STIVERS** and **CECILIA JOELENE HATCHETT** uttered at least eight counterfeit checks and attempted to utter another twenty to thirty counterfeit checks. **JOANNA CATHERINE STIVERS** and **CECILIA JOELENE HATCHETT** used driver's licenses and credit cards in the name of R.S., which documents were provided to them by **REGINALD GREEN**.

17. In July of 2006, **JOANNA CATHERINE STIVERS** and **REGINALD GREEN** traveled from Louisville, Kentucky, to New Jersey to utter counterfeit checks. **CECILIA JOELENE, HATCHETT** flew to and joined **JOANNA CATHERINE STIVERS** and **REGINALD GREEN** in New Jersey. **JOANNA CATHERINE STIVERS** uttered five to ten counterfeit checks and attempted to utter another fifteen to thirty counterfeit checks. During this trip, **REGINALD GREEN, CECILIA JOELENE HATCHETT,** and **JOANNA CATHERINE STIVERS** also traveled to Pennsylvania, where **JOANNA CATHERINE STIVERS** attempted to utter additional checks but was unsuccessful.

18. In return for her actions uttering counterfeit checks, **REGINALD GREEN** paid **JOANNA CATHERINE STIVERS** a portion of the proceeds obtained from the checks that she uttered.

*Involvement of KEESHA ANNETTE HARRISON:*

19. Between approximately October 2006 and approximately March 2007, **KEESHA ANNETTE HARRISON** was employed by Dunhill Staffing Solutions, Inc., a temporary employment service, and was placed as a temporary data entry clerk at the Bishop Lane Branch of United Parcel Service (hereafter, UPS).

20. **KEESHA ANNETTE HARRISON'S** duties as a temporary data entry clerk included opening mail sent to UPS from customers of UPS services, removing checks from the envelopes, and entering the payment information into the UPS computer mainframe to show payments received from individual companies for which UPS provides services.

21. In November 2006, **REGINALD GREEN** approached **KEESHA ANNETTE HARRISON** and asked her to bring him the business checks she was logging into UPS's computer mainframe.

22. **REGINALD GREEN** initially asked **KEESHA ANNETTE HARRISON** to take checks issued by Fifth Third Bank, U.S. Bank, Branch Bank and Trust (hereafter, BB&T Bank), and National City Bank but later asked her to provide checks from Wachovia Bank rather than Fifth Third Bank.

23. **REGINALD GREEN** instructed **KEESHA ANNETTE HARRISON** to bring checks received by UPS within the last three days.

24. Between November 2006 and March 2007, **KEESHA ANNETTE HARRISON** brought **REGINALD GREEN** between more than fifty business checks she had stolen from UPS.

25. In return for her actions in bringing **REGINALD GREEN** stolen checks, **REGINALD GREEN** paid **KEESHA ANNETTE HARRISON'S** mother to babysit **KEESHA ANNETTE HARRISON'S** children; stated he would assist **KEESHA ANNETTE HARRISON** with the renovation of her home; and, after her home entered foreclosure, purchased her home and made improvements thereto.

### *Involvement of CECILIA JOELENE HATCHETT:*

26. During the period of the conspiracy, **REGINALD GREEN** drove **CECILIA JOELENE HATCHETT** around Louisville, Kentucky and Gallatin, Tennessee, to utter the counterfeit checks.

27. **REGINALD GREEN** provided **CECILIA JOELENE HATCHETT** with fraudulent identification to use when uttering the counterfeit checks.

28. On November 10, 2006, **CECILIA JOELENE HATCHETT** uttered a counterfeit check, numbered 21795, in the amount of $2,834.22 and made payable to C.P., at U.S. Bank, inside a Kroger Grocery Store located at 5244 Dixie Highway, in Louisville, Kentucky.

29. On November 13, 2006, **CECILIA JOELENE HATCHETT** attempted to utter a counterfeit payroll check, allegedly drawn on the account of Turbo Chef Technologies and numbered 057694, at a Bank of America branch in Gallatin, Tennessee. **CECILIA JOELENE HATCHETT** provided an Indiana identification card, OLN XXXX-XX-2211, and U.S. Bank Card, to verify her identity. The teller assisting **CECILIA JOELENE HATCHETT** observed that the check did not appear valid and contacted Turbo Chef Technologies, who confirmed that the check had been issued but to a different individual. During this process, **CECILIA JOELENE HATCHETT** said "forget

it," and departed the bank. The teller observed **CECILIA JOELENE HATCHETT** get into a vehicle and obtained the license plate number, which was reported to the Gallatin Tennessee Police Department, officer of which then stopped the vehicle, driven by **REGINALD GREEN**. **REGINALD GREEN** possessed directions and hours of operation for at least fourteen Bank of America branch locations in and around Nashville, Tennessee; and a U.S. Bank a check drawn on the federally-insured account of Jerome Industries Corporation and made payable to UPS Customhouse, in the amount of $5,166.71.

30. On December 28, 2006, **CECILIA JOELENE HATCHETT** uttered check number 49841 in the amount of $2,648.96 and issued to R.S. at U.S. Bank, 2350 Bardstown Road, Louisville, Kentucky.

31. In return for her actions uttering counterfeit checks, **REGINALD GREEN** paid **CECILIA JOELENE HATCHETT** a portion of the proceeds obtained from the checks that she uttered.

*Involvement of RHONDA LYNN WILLIS:*

32. In April 2006, **REGINALD GREEN** approached **RHONDA LYNN WILLIS** and asked if she would like to utter checks for him. At this time, **RHONDA LYNN WILLIS** told **REGINALD GREEN** that she was not interested.

33. In December 2006, **RHONDA LYNN WILLIS** approached **REGINALD GREEN** and asked if she could begin uttering counterfeit checks, in return for payment. **REGINALD GREEN** agreed.

34. Thereafter, **RHONDA LYNN WILLIS** obtained passport sized photographs of herself, taken at a Kinkos store in Louisville, Kentucky, which photographs she provided to **REGINALD GREEN**.

35. During December 2006, **REGINALD GREEN** took **RHONDA LYNN WILLIS** to a U.S. Bank located inside a Meijer store on Westport Road, in Louisville, Kentucky, to utter a counterfeit check in the name of R.S.

36. In February 2007, **RHONDA LYNN WILLIS** attempted to utter a counterfeit payroll check, reflecting a payer of Advanced Innovative Technologies, LLC; a check number of 003644; a payer of K.A., and an amount of $2,423.90, using a counterfeit Virginia driver's license in the name of K.A. The teller became suspicious and, after calling Advanced Innovative Technologies, LLC, and determining that the payee and amount were not correct, confiscated the check and driver's license.

37. During the period of the conspiracy, but after December 2006, **REGINALD GREEN** took **RHONDA LYNN WILLIS** to utter checks in Louisville, Kentucky; Cincinnati, Ohio; Bowling Green, Kentucky; New Albany, Indiana; and New Jersey.

38. Each time **RHONDA LYNN WILLIS** would utter a counterfeit check, **REGINALD GREEN** would provide her with a new identification document and a check in the name of the individual on the identification document. After **RHONDA LYNN WILLIS** uttered each check, she returned the identification document to **REGINALD GREEN**, who destroyed it.

39. In return for her actions uttering counterfeit checks, **REGINALD GREEN** paid **RHONDA LYNN WILLIS** a portion of the proceeds obtained from the checks that she uttered.

### *Conclusion:*

40. Members of the conspiracy uttered and attempted to utter checks in Louisville, Kentucky; Bowling Green, Kentucky; New Albany, Indiana; Tennessee; Ohio, and New Jersey.

41. Members of the conspiracy uttered and attempted to utter checks reflecting routing and account numbers issued by Bank of America, Fifth Third Bank, U.S. Bank, Wachovia Bank, National City Bank, and BB&T Bank, all of which are federally-insured financial institutions.

42. By virtue of their scheme, members of the conspiracy obtained over $165,000.

In violation of Title 18, United States Code, Section 1349.

The Grand Jury further charges:

COUNTS 2-5
(Aggravated Identity Theft)

On or about the dates set out below, in the Western District of Kentucky, Jefferson County, and elsewhere, the defendants, **REGINALD GREEN, CECILIA JOELENE HATCHETT,** and **RHONDA LYNN WILLIS,** aided and abetted by one another, and during and in relation to a conspiracy to commit bank fraud, knowingly transferred, possessed and used, without lawful authorization, the means of identification of other persons known to the Grand Jury, to wit:

| Count | Date | Defendant | Victim | Means of Identification |
|---|---|---|---|---|
| 2 | 11/10/06 | **CECILIA JOELENE HATCHETT, REGINALD GREEN** | C.L.P | Name |

| 3 | 11/13/06 | **CECILIA JOELENE HATCHETT, REGINALD GREEN** | J.C.S. | Name and IN Identification Card Number XXXX-XX-2211 |
|---|---|---|---|---|
| 4 | 12/28/06 | **CECILIA JOELENE HATCHETT, REGINALD GREEN** | R.S. | Name |
| 5 | 2/15/07 | **RHONDA LYNN WILLIS** | K.A. | Name |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and (c)(5).

The Grand Jury further charges:

## COUNT 6
(Conspiracy to Steal Mail)

In or about and between October 2006 and March 2007, in the Western District of Kentucky, Jefferson County, and elsewhere, the defendants, **REGINALD GREEN** and **KEESHA ANNETTE HARRISON**, conspired, confederated, and agreed with each other to commit the following offense against the United States, that is, to steal, take, and abstract from and out of mail, a letter box, mail receptacle, mail route, or other authorized depository for mail matter, letters, packages, and mail not addressed to them, and removed from such letters, packages, and mail, articles and things contained therein, in violation of Title 18, United States Code, Section 1708.

In violation of Title 18, United States Code, Section 371.

The Grand Jury further charges:

## COUNT 7
(Forfeiture)

As a result of committing the offenses alleged in Counts 1 through 6 of this Indictment, felonies punishable by imprisonment for more than one year, the defendants, **REGINALD GREEN, CECILIA JOELENE HATCHETT, JOANNA CATHERINE STIVERS, KEESHA ANNETTE HARRISON, and RHONDA LYNN WILLIS** shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, and Title 18, United States Code, Section 1028, any and all property constituting, or derived from, proceeds defendants obtained, directly or indirectly, as a result of the offenses, and any and all of defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in Counts 1 through 6 of this Indictment.

Pursuant to Title 18, United States Code, Sections 982 and 1028, incorporating Title 21, United States Code, Section 853.

A TRUE BILL.

_____
FOREPERSON

_____
CANDACE G. HILL
UNITED STATES ATTORNEY

CGH:ACP:ljs:09/01/09

11

UNITED STATES OF AMERICA v. **REGINALD GREEN, ET AL.**

## PENALTIES

| | |
|---|---|
| Count 1: | NM 30 yrs./$1,000,000/both/NM 5 yrs. Supervised Release |
| Counts 2-5: | NM 2 yrs. consecutive/$250,000/both/NM 1 yr. Supervised Release (each count) |
| Count 6: | NM 5 yrs./$250,000/both/NM 3 yrs. supervised release |
| Count 7: | Forfeiture |

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

Misdemeanor:  $ 25 per count/individual          Felony:  $100 per count/individual
                     $125 per count/other                         $400 per count/other

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**<u>Failure to pay fine as ordered may subject you to the following</u>**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    <u>For offenses occurring after December 12, 1987:</u>

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

    18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made *payable to the Clerk, U.S. District Court* and delivered to the appropriate division office listed below:

<pre>
LOUISVILLE:        Clerk, U.S. District Court
                   106 Gene Snyder U.S. Courthouse
                   601 West Broadway
                   Louisville, KY  40202
                   502/625-3500

BOWLING GREEN:     Clerk, U.S. District Court
                   120 Federal Building
                   241 East Main Street
                   Bowling Green, KY  42101
                   270/393-2500

OWENSBORO:         Clerk, U.S. District Court
                   126 Federal Building
                   423 Frederica
                   Owensboro, KY  42301
                   270/689-4400

PADUCAH:           Clerk, U.S. District Court
                   127 Federal Building
                   501 Broadway
                   Paducah, KY  42001
                   270/415-6400
</pre>

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No.  3:09 cr-148-S

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

THE UNITED STATES OF AMERICA
vs.
REGINALD GREEN

JOANNA CATHERINE STIVERS

KEESHA ANNETTE HARRISON

CECILIA JOELENE HATCHETT

RHONDA LYNN WILLIS

FILED
OCT 06 2009
BY JEFFREY A. APPERSON, CLERK
DEPUTY CLERK

## INDICTMENT
Title 18 U.S.C. §§ 1349; 1028A(a)(1); 1028A(c)(5); 371; 982; 1028;
Title 21 U.S.C. § 853:
**Conspiracy to Commit Bank Fraud; Aggravated Identity Theft; Conspiracy to Steal Mail; Forfeiture.**

*A true bill.*

_____
Foreman

*Filed in open court this* 6th *day, of* October A.D. 2009.

_____
Clerk

*Bail, $*